## Marzacco v. Crossley (No. 1)

*John P. Campana*, for plaintiff.

*Lester L. Greevy*, for defendants.

WILLIAMS, P. J., September 6, 1962.—Plaintiff has filed a complaint in which he complains that six of defendants' trees overhang his property and physically touch his property. Plaintiff alleges that he repeatedly requested defendants to remove this overhang and that these requests have been repeatedly ignored.

Plaintiff alleges as follows:

"The overhang of defendant's trees have in the past and presently are doing damage to the residence of plaintiff."

Claimant asks that the nuisance be abated and that defendants be compelled to remove all overhang on plaintiff's property.

Preliminary objections have been filed. Two reasons are given for these objections: First, that the complaint nowhere alleges what damage has been or is being done; secondly, that the complaint fails to show a cause of action.

We are of the opinion that the owner of ground or real estate upon which trees are growing may be compelled to remove branches of such trees insofar as they overhang the property of an adjacent owner when some actual or sensible damage has been sustained: Ludwig v. Creswald, Inc., 7 D. & C. 2d 461. There is some authority that the remedy of self-help must be first used before a remedy in equity is sought: 128 A. L. R. 1221. This remedy is a remedy in which the injured party cuts off the overhanging limbs. We are not in agreement with this authority, however, as we are of the opinion that the injured land owner should not have to go to the trouble of trimming his neighbor's trees in continuing trespasses which cause damage to the extent that branches overhanging adjoining land are likely to cause substantial damage. Such overhanging is a nuisance, and the person over whose land such extends may cut branches off or sue for damages and an abatement of the nuisance. The offended party does not have to first help himself by cutting off the limbs.

Plaintiff has pleaded that defendants' trees are doing damage to his residence. We are of the opinion, however, that he has not pleaded sufficiently as to this damage, and, therefore, will sustain the preliminary objections as to the first ground, and allow plaintiff to amend his action.

### Order of Court

And now, September 6, 1962, the preliminary objection is sustained, and plaintiff is given 20 days within which to file an amended complaint.